UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Ariana J. Parades,<br><br>          Plaintiff,<br><br>v.<br><br>IQ Data International, Inc., and Greystar Real Estate Partners, LLC, d/b/a Morada Rise Apartments,<br><br>          Defendants, | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**NOW COMES** ARIANA J. PAREDES ("Plaintiff"), by and through the undersigned counsel, complaining of IQ DATA INTERNATIONAL, INC. ("IQ Data"), and GREYSTAR REAL ESTATE PARTNERS, LLC, doing business as, MORADA RISE APARTMENTS ("Morada Rise") (Collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action seeking redress for Defendant IQ Data's violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 *et seq*., and for Defendants' violations of the Arizona Consumer Fraud Act ("ACFA") pursuant to ARS §44-1522 *et seq*.

**JURISDICTION AND VENUE**

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in Arizona, and all of the events or omissions giving rise to the claims occurred in Arizona.

## PARTIES

5. Plaintiff is a consumer and a natural person over 18-years-of-age who, at all-times relevant, resided in Phoenix, Arizona.

6. IQ Data is a debt collector who engages in collecting or attempting to collect, directly or indirectly, default debts owed or due using mail, credit reporting, and telephone from consumers across the country, including consumers in the state of Arizona. IQ Data's principal place of business is located at 21222 30th Dr. SE, Suite 12, Bothell, Washington 98021.

7. Morada Rise is a multifamily housing complex that located at 6751 West Indian School Rd. Phoenix, Arizona 85033 ("subject property"). Morada Rise is owned and operated by Greystar Real Estate Partners, LLC, who operate and develop apartment complexes with its headquarters located at 465 Meeting Street, Suite 500, Charleston, South Carolina 29403.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the events giving rise to this action, Plaintiff and her brother were in an apartment lease agreement with Morada Rise that would terminate in March 2023.

9. In November 2022, Plaintiff's apartment was raided by police officers in pursuit of a murder suspect staying in the unit neighboring the Plaintiff. Attempting to evade the police, the suspect climbed through the vents over the Plaintiff's ceiling then fell through into Plaintiff's apartment. The suspect broke a pipe while falling which was followed by tear gas and a stun grenade thrown by the officers, both severely damaging Plaintiff's apartment.

10. Shortly thereafter, feeling traumatized and unsafe by these events, Plaintiff requested an early termination of her lease which was granted by Morada Rise.

11. Additionally, Morada Rise management refused to accept rent payment from Plaintiff for the month of November due to the traumatic events as Morada Rise waived Plaintiff's November 2022 rent payment.

12. In December 2022, Plaintiff and her brother moved out of the apartment and was issued a final move out statement from Morada Rise management. In the statement, Plaintiff was given a displacement refund credit of $277.09, with no other rent charges listed on the statement.

13. On December 29, 2022, Morada Rise management sent Plaintiff an email apologizing for the traumatic events that occurred in November and detailed her displacement credit and lease termination. This email made no mention of any amount owed by the Plaintiff to Morada Rise for rent or otherwise.

14. At this time, Plaintiff understood that she was relieved of all obligations with Morada Rise and left the subject property with a balance of $0 owed.

15. Sometime thereafter, IQ Data acquired the right to collect on an alleged debt of $1210.12 ("subject debt") purportedly owed by Plaintiff to Morada Rise for unpaid rent in November 2022.

16. On May 5, 2023, IQ Data sent Plaintiff a dunning letter attempting to collect on the subject debt despite Morada Rise relieving Plaintiff of her obligation to pay rent for the month of November 2022.

17. IQ Data has reported this debt to the major credit agencies, which has reflected negatively on Plaintiff's consumer credit reports.

18. Despite not owing the subject debt as it was waived, IQ Data, on behalf of Morada Rise continues to attempt to collect the subject debt from Plaintiff personally.

19. Plaintiff would like to apply for a new apartment but is concerned that the false credit information reported by IQ Data will decrease her chances of being approved for a suitable apartment by no fault of her own.

20. Concerned about violations of her rights, Plaintiff sought the assistance of the undersigned counsel regarding her rights with the hope of ceasing IQ Data's unfair and deceptive attempt to collect debt from Plaintiff that is not owed.

## DAMAGES

21. Defendant's wanton and malicious conduct of attempting to collect on a debt that is not owed has severely impacted Plaintiff's life and general well-being.

22. Plaintiff has expended large amounts of time consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

23. Plaintiff was unduly inconvenienced and harassed by Defendants' unlawful attempts to collect a subject debt not owed.

24. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to decreasing Plaintiff's chances of approval for a suitable home, wasting Plaintiff's time, depression, emotional distress, anxiety, and loss of concentration.

## COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

27. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. IQ Data is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

29. Moreover, IQ Data is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

30. IQ Data used collection letters to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

31. IQ Data violated 15 U.S.C. § 1692e, e(2), e(8), e(10), f and f(1) through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692e**

32. Pursuant to 15 U.S.C. § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

33. IQ Data violated § 1692e and e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. After acquiring the rights to the subject debt, IQ Data attempted to collect on a debt not owed by the Plaintiff. Plaintiff moved out of her Morada Rise unit with a remaining balance of $0, however, IQ Data sent Plaintiff collection letters attempting to collect $1,210.12. This amount is patently incorrect because at no point did Plaintiff owe Morada Rise after she moved out of her unit.

34. IQ Data violated § 1692e(8) by communicating false and inaccurate credit reporting information regarding the subject debt and Plaintiff. IQ Data knew or should have known that the subject debt was waived, and that Plaintiff no longer owed the subject debt in November 2022.

35. IQ Data violated § 1692 e(10) by using false, deceptive, and misleading representation in connection to the collection of the subject debt. In order to secure payments of the subject debt, IQ Data falsely misrepresented Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debt not owed.

**b. Violations of FDCPA § 1692f**

37. IQ Data violated § 1692f when it used unfair and unconscionable means to collect the subject debt from Plaintiff. After Plaintiff and Morada Rise agreed to terminate the lease early, Plaintiff left her unit with a remaining balance of $0 and was provided a final moveout statement and correspondence from Morada Rise management to confirm. IQ Data still attempted to collect on the erroneous amount of $1,210.12, despite Plaintiff not owing the subject debt.

38. IQ Data violated § 1692f(1) because Plaintiff was not liable for the subject debt as it was relieved by Morada Rise. Plaintiff was confused as to why IQ Data would be collecting on a debt that was paid in full.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed at the time it made demands for payment.

40. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ARIANA J. PARADES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

c. Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

f. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT
### (AGAINST DEFENDANTS)

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The ACFA states:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. Ariz. Rev. Stat. Ann. § 44-1522.

43. IQ Data violated ARS §44-1522 by engaging in an unfair and deceptive act or practice in attempting to collect on the subject debt when IQ Data knew or should have known that subject debt was not owed by Plaintiff.

44. Morada Rise violated ARS §44-1522 by communicating a debt that was not owed by Plaintiff to IQ Data and failing communicate the disputed debt after IQ Data attempted to collect from Plaintiff.

45. The misleading actions completed by IQ Data were against public policy, unethical, and oppressive.

46. As pled above, Plaintiffs were substantially harmed by IQ Data's unfair conduct.

47. Upon information and belief, IQ Data systematically attempts to collect accounts from consumers when they do not owe a debt.

48. Upon information and belief, attempting to collect non-defaulted accounts from consumers is an unfair business practice willfully employed by IQ Data and is done on a broad scale.

49. The ACFA was designed to protect consumers such as Plaintiff from the precise conduct committed by IQ Data.

50. An award of punitive damages is appropriate because Defendant's conduct described above was willful and wanton and showed a disregard for the rights of the Plaintiff and similarly situated consumers.

**WHEREFORE**, Plaintiff, ARIANA J. PARADES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. A finding that Defendant violated the ACFA;

b. An order enjoining Defendant from making further violating attempts to collect from Plaintiff;

c. An award of actual damages pursuant to ARS §44-1528(a);

d. An award of punitive damages pursuant to ARS §44-1528(a);

e.  An award of any further relief that this Honorable Court deems just and appropriate.

Dated: June 26, 2023                                               Respectfully submitted,

*/s/ Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*